No. 19,631.

J. M. HOCKENBERRY, *Appellant*, v. THE CAPITAL IRON WORKS,
*Appellee.*

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Petition Fails to State Cause of Action.* An allega-
tion that the defendant sent a load of iron by one of its employees to
be delivered, knowing that it would require more help to unload it,
that the driver called upon the plaintiff to assist, and in so doing the
plaintiff was injured by a piece of iron falling upon his hand, fails to
state any actionable negligence on the part of the defendant.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed November 6, 1915. Af-
firmed.

*W. I. Jamison,* and *W. Herbert Jamison,* both of Topeka, for
the appellant.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the ap-
pellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff appeals from an order sustaining a de-
murrer to his petition and insists that it stated a cause of
action.

The pleading alleged in substance that the defendant sent
out a load of iron by one of its employees, knowing that it
would require outside assistance to unload it, and that upon
arriving at the place of delivery the driver called upon the
plaintiff to assist him, which he did, and that while engaged
in the unloading he was painfully injured, one of the pieces of
iron falling upon his hand and mashing it. The negligence
complained of was in sending an employee with no means of
unloading the material, making it necessary for the driver to
call the plaintiff to assist him.

It may be conceded, as argued by the plaintiff, that upon
answering the call of the driver to assist in unloading the
relation of employee began and that the plaintiff was not to be
considered a mere volunteer. But there is no allegation of any
act of negligence on the part of the defendant causing the in-

jury. It seems to be the theory of the plaintiff, as indicated by his brief, that the defendant was negligent in not employing a sufficient number of men to do the unloading in a safe manner, but there is no averment that the number of men, including the plaintiff, was insufficient, and hence there was no foundation on which the trial court could have instructed the jury respecting any negligence which would justify a recovery.

The ruling of the trial court is affirmed.