No. 20,058.

GEORGE J. McCLURE, as Trustee, etc., *Appellee*, v. THE FREE-
BORN ENGINEERING & CONSTRUCTION COMPANY et al. (THE
BANKERS SURETY COMPANY, *Appellant*).

### SYLLABUS BY THE COURT.

INDEMNITY BOND—*Failure to Give Notice of Default—Surety Suffered
No Damage Thereby—No Defense to Action on Bond.* Failure to
comply with a provision in an indemnity bond issued by a surety com-
pany which required the obligee to give written notice of the default
within ten days after learning of the fact is no defense to an action
on the bond where it is neither claimed nor proved that the company
suffered any loss or damage from the failure to give notice. (*Re-
public County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590.)

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed April 8, 1916.
Affirmed.

*S. B. Amidon, D. M. Dale, Jean Madalene, S. A. Buckland,*
all of Wichita, *M. A. Fyke,* and *E. L. Snyder,* both of Kansas
City, Mo., for the appellant.

*J. D. Houston,* and *C. H. Brooks,* both of Wichita, for the
appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant, a surety company, executed its
bond to indemnify plaintiff in the event a construction com-
pany failed to complete the erection of a cement plant on or
before July 1, 1911. On the failure of the company to com-
plete the building plaintiff brought suit on the bond and re-
covered judgment. The bond contained the following provi-
sion:

"That in the event of default on the part of said principal a written
notice of such default shall be delivered to the Surety at its office in the
city of Cleveland, Ohio, said notice to be deposited within the mails
within ten days after such obligees, or their representatives shall learn
of such default."

The defendant's appeal is based upon one contention, which
is that the evidence conclusively shows the failure of plaintiff
to give the required notice. On February 27, 1911, the con-

struction company wrote plaintiff asking for an extension of time for completing the work, and in the letter said: "It is very probable that we may not have the plant entirely completed by the first day of July." Plaintiff replied by letter that he would prefer not to grant the extension until further inquiry in the matter and stating that the bond was good until July 1, 1911. On March 4 the construction company wrote him again, asking a definite reply to their request; and here the correspondence ended. The plaintiff testified that he did not learn until August 16, the same date he notified defendant, that the plant was not completed by July 1.

The defendant's demurrer to the evidence was overruled. The defendant elected to stand upon the demurrer, and judgment went in plaintiff's favor. If the court believed plaintiff's testimony that he first learned of the default August 16, the letter of that date notifying the defendant was all that was required under the provisions of the contract. Besides, the defendant has neither alleged nor attempted to show that it suffered any loss by failure to receive notice earlier. "Actual damage resulting from failure to give notice must be pleaded and proved as a defense" (*Republic County v. Guaranty Co.,* 96 Kan. 255, 258, 150 Pac. 590) in an action against a surety company engaged in the business of furnishing bonds of this character for compensation.

Judgment affirmed.