### UNITED STATES v. HARTFORD–EMPIRE CO.

Civ. A. No. 554.

District Court, D. Delaware.

Oct. 9, 1947.

John F. Sonnett, Asst. Atty. Gen., Roy C. Hackley, Jr. and Alfred C. Aurich, Sp. Assts. to Atty. Gen., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for plaintiff.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., and Walter J. Blenko, Albert C. Hirsch and Morton Burden, Jr., all of Pittsburgh, Pa., for defendant.

LEAHY, District Judge.

■ The United States sues to cancel expired patent No. 1,655,391 and three subsisting patents Nos. 2,073,571, 2,073,572 and 2,073,573, on the ground of fraud in their procurement. The matter is here on defendant's two motions for summary judgment—one, that as to '391 the case is moot; and, two, that as to '571–3 defendant's right to hold and own such patents is beyond dispute because of res judicata and other defenses. For purposes of determining the motions, the allegations of fact in the complaint must be considered as true. Hence, at this point there are presented only questions of law for decision. The fraudulent misrepresentations practiced on the Patent Tribunals are set out in detail in the complaint but will not be quoted at length. The facts there alleged are detailed in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250. See also, Hartford-Empire Co. v. Shawkee Manufacturing Co., 3 Cir., 147 F.2d 532, and Hartford-Empire Co. v. Shawkee Manufacturing Co., 3 Cir., 163 F.2d 474; and for proceedings against the attorneys who precipitated and engaged in the fraudulent practices, see Hatch v. Ooms, D.C., 69 F.Supp. 788.

1. The point raised by motion for summary judgment directed at '391 is this: Does United States have a right to maintain an action to cancel a patent which was procured by fraud practiced on the Patent Tribunals when the patent's legal life has expired and the party charged with the fraud is unable to assert any future rights under the patent?

■ The right of the United States to sue to cancel a patent procured by fraud may not be challenged;[1] but this admittedly is a case of first impression because the patent expired prior to the institution of suit by the government. Many if not all of defendant's citations of authority are patently irrelevant. That is why defendant places much reliance on Bourne v. Goodyear, 1869, 76 U.S. 811, 19 L.Ed. 786, to support its argument that where the patent has expired the question as to whether a suit can be maintained to cancel the patent has become moot. In the Bourne case, suit was in the name of the United States ex rel. Bourne against the executor of the defendant Goodyear and sought to have the Court vacate an extension of a patent on the charge it had been procured by fraud. The extension of the patent had expired the day before suit was filed. The Supreme Court sustained a demurrer to the bill. Plaintiff argues against the applicability of the Bourne case because there is nothing to show the United States there had permitted or consented to the institution of the litigation and consequently the case is no authority against plaintiff's legal position here.

---

[1] United States v. American Bell Tel. Co., 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450; American Bell Telephone Co. v. United States, 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255; United States v. Cold Metal Process Co., D.C., 57 F.Supp. 317.

Much of the internal evidence—besides the Court's opinion—certified by the National Archives, consisting of the Transcript of Record and certain correspondence between the then-Attorney General and counsel for plaintiff-Bourne, shows not only that the United States was not a party to the proceedings but that the government also specifically refused to become such or give its consent to the litigation. The rule of the Bourne case is manifestly not pertinent. The question for decision, then, is an open one.

■ Its answer, I believe, is as ineluctable as death and taxes. A patent is a contract between an inventor and the government. The consideration which supports the contract is the inventor's disclosure of his invention and the government's grant of an exclusive monopoly for a stated period of time. Fried Krupp Aktien Gesellschaft v. Midvale Steel Co., 3 Cir., 191 F. 588, 594. But like any other contract it may be set aside for fraud. For purposes of defendant's motion for summary judgment the fact of fraud must be admitted. Such fraud, I think, must vitiate plaintiff-defendant's entire transactions; cancellation of the patent ab initio must follow. Those who have paid defendant money for royalties or damages as infringers should be in a position to demand the status quo; otherwise defendant will be unjustly enriched. While provision has been made by certain settlement agreements between defendant and former licensees and infringers, this fact can have no legal relevance. If the government's case be said to be a vindication of a right in vacuo, under such circumstances, nevertheless I am of the view that a court must hold illegitimate even a paper semblance of a patent right where its grant is caused by the utilization of techniques of fraud. At bottom, the right of government here is based on its obligation to protect the public from the apparent monopoly of the patent which was fraudulently obtained, whether for current or historical reasons. The count with respect to '391 must be maintained and defendant's motion for summary judgment as to this phase of the case is denied.

2. Defendant's motion for partial summary judgment aimed at the second count of the complaint is directed at patents Nos. 2,073,571, 2,073,572 and 2,073,573. This count details the same fraudulent practices. It recites that proceedings were commenced before the Examiners and ended after the Commissioner authorized the issuance of the patents in compliance with a mandate of the Circuit Court of Appeals for the District of Columbia in § 4915, R.S., 35 U.S.C.A. § 63, actions. See Hartford-Empire Co. v. Coe, 66 App.D.C. 344, 87 F.2d 741.

Supporting its position, defendant argues its right to '571–3 was decreed by a court of competent jurisdiction against the Commissioner of Patents (authorized by the government to act for it in such matters); as a result of the § 4915 proceedings defendant's right to hold these patents has become res judicata; and, in all events, United States, as any other plaintiff in a lawsuit, may not collaterally attack the judgments of the Circuit Court of Appeals of the District of Columbia and its District Court.

■ Defendant's argument in support of the res judicata point ignores one fundamental fact. To support a plea of res judicata the issues determined must, or could, have been principally the same as those in the action in which the plea is raised. Clearly none of the courts in the District of Columbia were asked to pass or passed on the question of fraud practiced by defendant on the various Patent Tribunals. In truth, it may be argued the courts in the District of Columbia were themselves defrauded parties for the issues of fraud were not discovered until long after the judgments of those courts congealed in the § 4915 proceedings—as the after-investigation facts show.

*Fraud is the issue in the case at bar; that issue with respect to the government vis-a-vis defendant has never been adjudicated before.*

■ The case at bar, then, is in no sense an attack, collaterally or otherwise, upon the judgments rendered in the District of Columbia § 4915 proceedings. I am concerned here with a direct action to can-

982

cel patents for fraud in the procurement. Moreover, a § 4915 proceeding is administrative in nature. The statute does not purport to grant rights; in fact, there is no adjudication of rights whatever on the part of an applicant for a patent as the resultant decree in such proceeding merely authorizes the Commissioner of Patents to issue a patent. It is strange doctrine that defendant should be permitted to own and hold the patents in suit, despite the averred fraud committed by defendant on the postulate that since the fraud was undetected and not known in the administrative proceedings such fraud may not be examined now, although judicially commented on by the Supreme Court of the United States, the Circuit Court for this District and other federal courts. The crux of plaintiff's case is the § 4915 decrees were procured by fraud and deceit and the government attacks here not the judgments of those courts authorizing the issuance of the patents but defendant in personam for fraud in obtaining the patents in suit. An independent action to set aside a judgment or decree for fraud may be brought in any court of competent jurisdiction. Sayers v. Burkhardt, 4 Cir., 85 F. 246, certiorari denied 172 U.S. 649, 19 S.Ct. 886, 43 L.Ed. 1183. A court of equity in granting relief against fraud does not act as a court of review. The suit at bar—even if it be said to involve rights arising under § 4915 proceedings in another jurisdiction—is an original and independent action for equitable relief between the parties. In such cases a court of equity has jurisdiction wherever it may "lay hold of the parties." [2] While the Chancellor's foot may vary in size, his arm is ever reaching to restrain a party from enjoying a capital gain from his fraudulent conduct. This has been the dominant theme of legislation for the past fifty years; it has been judicial pronouncement since Logan v. Patrick, 5 Cranch 288, 3 L.Ed. 103. As stated in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 259, 64 S.Ct. 997, 1008, 88 L.Ed. 1250: "Equity also, on original bills, exercises a like jurisdiction to prevent unconscionable retention or enforcement of a judgment at law procured by fraud, or mistake unmixed with negligence attributable to the losing party, or rendered because he was precluded from making a defense which he had. Such a bill may be filed in the federal court which rendered the judgment or in a federal court other than the court, federal or state, which rendered it."

Defendant's defenses of estoppel to attack collaterally the § 4915 decrees, its plea of res judicata and all of the variations based on these defenses, are without merit. Accordingly, its motion for summary judgment with respect to '571-3 will be denied.

An order may be submitted with respect to both of defendant's motions.

---

[2] Arrowsmith v. Gleason, 129 U.S. 86, 9 S.Ct. 237, 242, 32 L.Ed. 630; Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; Simon v. Southern Railway Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492.