**HARRIS v. RAILWAY EXPRESS AGENCY, Inc.**

**No. 3911.**

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1949.

Rehearing Denied Dec. 7, 1949.

Jacob A. Dickinson and David Prager, Topeka, Kan. (Edward Rooney, Topeka, Kan., was with them on the brief), for appellant.

Thomas M. Lillard, Topeka, Kan. (O. B. Eidson, Philip H. Lewis, and James W. Porter, Topeka, Kan., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This action by appellant, Floyd Harris, was brought in the District Court of Shawnee County, Kansas, to recover damages for personal injuries. The case was removed to the United States District Court for the District of Kansas, First Division. An answer was filed. The depositions of the plaintiff, his wife, and his brother-in-law were taken and filed in court. Thereafter a motion for summary judgment was made by defendant. Upon the hearing of this motion, the parties stated to the court that with the exception of the issue as to the nature of the relationship between the plaintiff and the defendant at the time plaintiff was injured, as alleged in the complaint, there were no material facts about which there was any substantial controversy between the parties. The court, thereupon, sustained the motion, and judgment was entered for the defendant, and this appeal followed.

While a number of assignments of error are urged for reversal, we think the disposition of the appeal depends upon the answer to two questions: First, was plaintiff an emergency employee, and, second, if so, were there acts of negligence pleaded which would make defendant liable to such an employee.

On a motion for summary judgment, all facts of the complaint well pleaded stand admitted.[1] On a consideration of such a motion, the court not only considers the allegations of the complaint but also all facts shown by depositions and affidavits concerning which there can be no dispute.[2]

The material facts of the complaint are that appellant procured the Railway Express Agency, Inc., the appellee, to deliver a trunk, weighing in excess of 230 pounds, to himself at 2115 Virginia Street, Topeka, Kansas; that around noon, September 14, 1946, one of appellee's trucks stopped in front of the above address with the trunk aboard; that because of the weight thereof, it was impossible for one man to unload it; that this appellee knew, or by the exercise of reasonable care should have known, at the time the trunk was dispatched; that the truck was not equipped with skids, pulleys, or with any other appliances to make it possible to unload, with safety, to the persons unloading it; that upon arrival of the trunk at appellant's house, the driver, acting within the scope of his employment and for appellee's benefit, informed appellant that it would be impossible for him alone to unload the trunk, and asked appellant to assist him; that in response to such request, appellant started to assist appellee's driver, and in so doing was thrown to the ground by the weight of the trunk, causing him to slip and fall and to suffer severe injuries. The complaint alleged that appellee was negligent in failing to furnish skids, pulleys, or other appliances to enable the parties to unload the trunk with safety to themselves, and by failing to furnish a sufficient number of employees, including appellant, to perform the task of unloading the trunk, with safety.

1. Furton v. City of Menasha, 7 Cir., 149 F.2d 945; Drummond v. Clauson, D.C., 67 F.Supp. 872; United States v. Hartford-Empire Co., D.C., 73 F.Supp. 979.

2. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568; Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; Fresh Grown Preserve Corp. v. United States, 6 Cir., 143 F.2d 191.

10

■ Whether appellant was an emergency employee, is not free from doubt. Kansas has not dealt exhaustively nor clearly with the doctrine of an emergency employee. In Hockenberry v. Capital Iron Works, 96 Kan. 548, 152 P. 628, 629, reference is made to the Rule. The Rule as to what constitutes an emergency employee is well stated in 35 Am.Jur., Master and Servant, § 164, as follows: "While there is authority to the contrary, the prevailing view is that an employee who is confronted with an unforeseen situation which constitutes an emergency, which rendered it necessary, in his employer's interest, that the employee have temporary assistance, is to be deemed to have had implied authority to procure necessary help and thus create between the employer and the emergency assistant the relationship of master and servant, which will engage responsibility on the part of the employer to the assistant for injuries chargeable to the neglect of the employer."

There is some divergence in the decisions as to the state of facts necessary to create an emergency so as to bring the rule into operation. No need exists, however, to discuss or analyze these cases in detail. For the purpose of the opinion, we will assume that there was an emergency warranting the servant of appellee to ask for assistance, and that appellant became an emergency employee.

■ The question then is, what acts of negligence were committed by appellee, after appellant became an emergency employee, upon which liability may be predicated. The only allegation of acts of negligence thereafter, upon which liability could possibly be predicated, is that appellee was negligent "in failing to furnish a sufficient number of employees, including plaintiff," to unload the trunk. In other words, the allegation is that appellee was negligent in furnishing only two employees to unload a trunk weighing 230 pounds. While appellant pled that the trunk "weighed in excess of 230 pounds", we think the fair inference is that the trunk weighed approximately 230 pounds. The weight of such a trunk, the amount of exertion required to lift it and move it to its storage place, is a simple fact concerning which all have common knowledge. We think that common knowledge of man's physical powers compels the conclusion that 230 pounds is not a great weight for two men to carry. That conclusion is fortified by the fact that after the accident to appellant, the driver of the truck and appellant's brother-in-law, immediately and without incident, moved the trunk to its storage place. Appellant's allegation that two men were insufficient to carry a 230 pound trunk pleads a conclusion and not an ultimate fact. Since there was no dispute of a single substantive fact, the case was an appropriate one for disposal by summary judgment.

We rest our conclusion affirming the judgment on the ground that the undisputed facts failed to show negligence on the part of appellee upon which liability for the injuries suffered by appellant may be predicated.

Affirmed.