## WILSON v. GAS SERVICE CO. (two cases).
### Nos. 5317, 5318.

United States District Court
W. D. Missouri, W. D.

Aug. 24, 1950.

See also D.C., 9 F.R.D. 101.

Henry A. Riederer, Fred J. Frecl, Kansas City, Mo., for plaintiffs.

Charles M. Miller, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Counsel for plaintiffs vigorously and earnestly insist that they are entitled to a summary judgment. Rule 56 Federal Rules of Civil Procedure provides, 28 U.S.C.A., among other things: "(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In support of the motion, counsel, therefore, tender depositions taken in another case, but, by stipulation, to be used in these cases and considered as having been taken specifically in these actions.

It seems proper to show the attitude of the Appellate Courts toward said Rule 56 and the construction they have placed upon it:

1. The United States Supreme Court, in Sartor v. Arkansas Gas Corp., 321 U.S. 620, 621, loc. cit. 623, 624 and 627, 64 S. Ct. 724, 727, 88 L.Ed. 967, construed Rule 56 relating to Summary Judgment, and, among other things, said: "Where the undisputed facts leave the existence of a cause of action depending on questions of damage which the rule has reserved from the summary judgment process, *it is doubtful whether summary judgment is warranted on any showing.* (Emphasis mine.) But at least a summary disposition of issues of damage should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party."

It will be noted from the foregoing quotation that the Supreme Court was properly doubtful on the question of using the summary judgment process. 321 U.S. loc. cit. 627, 64 S.Ct. loc. cit. 88 L.Ed. 967, the court further said: "The Court of Appeals below heretofore has correctly noted that Rule 56 authorizes summary

judgment *only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try."* (Emphasis mine.)

The court then cautioned the trial court: "In the very proper endeavor to terminate a litigation before it for the fourth time, we think it overlooked considerations which make the summary judgment an inappropriate means to that very desirable end."

Adverting to the decisions of the Appellate Courts, note the reasoning in Boro Hall Corp. v. General Motors Corp., 2 Cir., 164 F.2d 770, loc. cit. 772: "Defendant's right to cancel the contract on three months' notice is irrelevant; for defendant never gave such a notice; nor does it appear that the conduct which plaintiff assigns as a breach was intended by defendant as a cancellation. *Accordingly, there was a triable issue of fact, involving questions of credibility, with respect to the cause of action for breach of the contract, and summary judgment to that extent was improper."* (Emphasis mine.)

In Clark v. Taylor, 163 F.2d 940, loc. cit. 948, the Court of Appeals for the 2d Circuit paid the following tribute to the summary judgment process: "Of course, expedition should not be the sole aim of procedure. It should never be purchased at the expense of preventing a fair trial. *For that reason, this court and others have discountenanced the use of a summary judgment, based on a mere written record, when it deprives one of the parties of a trial affording him the opportunity to cross-examine important witnesses whose credibility may critically affect decision on issues of fact."* (Emphasis mine.)

Again, the 2d Circuit in Bozant v. Bank of New York, 156 F.2d 787, loc. cit. 790, referred to the summary judgment rule as follows: "In conclusion we cannot avoid observing that the case is another mistaken effort to save time by an attempt to dispose of a complicated state of facts on motion for summary judgment. This is especially true when the plaintiff must

rely for his case on what he can draw out of the defendant. Arnstein v. Porter, 2 Cir., 154 F.2d 464. It appears to be somewhat difficult to persuade the district courts of this; but we are satisfied that it is true."

2. Earnest counsel for the plaintiffs suggest in support of their motions an adverse decision to the defendant in the Appellate Court in a companion case: In Arnstein v. Porter, 154 F.2d 464, loc. cit. 468, 475, the court said, loc. cit. 468: "The principal question on this appeal is whether the lower court, under Rule 56, properly deprived plaintiff of a trial of his copyright infringement action. *The answer depends on whether 'there is the slightest doubt as to the facts.'* " (Emphasis mine.)

And, then, 154 F.2d loc. cit. 475: "We decide against summary judgment here because we consider it improper in this case. Our decision to that effect will have precedential significance only to the extent that, in any future case, summary judgment is sought when the facts are not beyond the range of actual dispute.

*"But, in the spirit of that suggestion, we regard it as entirely improper to give any weight to other actions lost by plaintiff.* (Emphasis mine.) * * * Absent the factors which make up res judicata (not present here), *each case must stand on its own bottom, subject, of course, to the doctrine of stare decisis.* (Emphasis mine.) Succumbing to the temptation to consider other defeats suffered by a party may lead a court astray; * * *."

3. The Court of Appeals, Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568, loc. cit. 571, quoted approvingly from an opinion by Judge Huxman of that court in Schreffler v. Bowles, 10 Cir., 153 F.2d 1, loc. cit. 3: "The salutary purpose of Rule 56 is to permit speedy and expeditious disposal of cases where the pleadings do not as a matter of fact present any substantial question for determination."

In the case under consideration it is to be noted that the answer of the defendant denied categorically and very specifically practically everything alleged in the complaint. The court quoted further: " 'The purpose of the rule is to permit the trier to pierce formal allegations of facts in pleadings and grant relief by summary judgment *when it appears from uncontroverted facts set forth in affidavits, depositions or admissions on file that there are as a matter of fact no genuine issues for trial.'* " (Emphasis mine.)

4. The District Court for the Western District of Pennsylvania, in Michel v. Meier, 8 F.R.D. 464, loc. cit. 471, succinctly stated the law relating to summary judgments under Rule 56:

"* * * the federal rule providing for summary judgment should be temperately and cautiously used lest abuse reap nullification. * * *

"Under Rue 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides for summary judgment, *it was not intended to deprive litigants of a right to full hearing on the merits if any issue of fact exists.* (Emphasis mine.) The procedure was not intended to be used as a substitute for regular trial where the outcome of the litigation depends upon disputed questions of fact. * * *

"In passing upon a motion for a summary judgment, it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. * * *

"All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment."

In Harris v. Railway Express Agency, 178 F.2d 8, loc. cit. 9, the Court of Appeals, 10 Cir., announced this admirable rule: "On a motion for summary judgment, all facts of the complaint well pleaded stand admitted. On a consideration of such a motion, the court not only considers the allegations of the complaint but also all facts shown by depositions and affidavits *concerning which there can be no dispute.*" (Emphasis mine.)

5. It is to be noted from the pleadings that the issue is joined on practically every averment of the plaintiff. The defendant admits nothing. Counsel believe that the court should grant their motions because they have tendered or

proffered depositions of witnesses who presumably would testify at the trial for the defendant. The rule with respect to witnesses and the credit to be given them is well stated in the very recent case of Steckdaub v. Sparks, Mo.Sup., 231 S.W. 2d 160 loc. cit. 161-162. The Supreme Court of Missouri in upholding a verdict for the defendant said: "But here a wholly different situation obtains for the jury's verdict was for the defendant. * * * Even though plaintiff introduces evidence which would warrant a verdict in his favor, he must further persuade the jury to return a verdict for him."

And, then, again, 231 S.W.2d loc. cit. 162: "In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, *the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself.* (Emphasis mine.) The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached."

This latter doctrine aptly and precisely applies to the situation here.

6. It is not surprising that the Supreme Court was dubitante about a summary judgment ever being granted in a case of this kind. Conceivably, it could be granted against a personal defendant in favor of a plaintiff where the defendant in open court admits liability or admits the existence of facts from which liability would or must inevitably follow. It would be different and even more difficult in the case of a corporate defendant. Some one having the authority of the corporate defendant to do so must, in open court, either acknowledge liability, or, as in the case of a personal defendant, admit the existence of facts from which liability would inevitably follow. The only person having authority in this case to acknowledge liabil-

ity or admit facts fixing liability would be the attorney for defendant.

Under all the authorities and upon sound reasoning and logic plaintiffs' motions should not be granted. Accordingly said motions will be overruled.