## FIDELITY & CASUALTY CO. OF NEW YORK v. MEYER LUMBER & HARD-WARE CO. et al.

### No. T–116.

United States District Court
D. Kansas.

Feb. 12, 1951.

Allen Meyers, and Herbert A. Marshall, of Meyers, Gault, Marshall & Hawks, Topeka, Kan. for plaintiff.

Gregg & Gregg, Frankfort, Kan., A. Harry Crane, and Harry Snyder, Jr., of Crane, Martin & Snyder, Topeka, Kan., Lewis L. McLaughlin, Marysville, Kan., T. M. Lillard, O. B. Eidson, P. H. Lewis, and J. W. Porter, all of Topeka, Kan. for defendants.

MELLOTT, Chief Judge.

This is a suit for declaratory judgment instituted under the provisions of 28 U.S.C.A. § 2201. Plaintiff is a corporation duly organized and existing under the laws of the state of New York and is a citizen of that state. Defendant Meyer Lumber & Hardware Company[1] is a corporation duly organized and existing under the laws of the state of Kansas and is a citizen thereof. Defendants George A. Helmericks and Mrs. George A. Helmericks are husband and wife and the parents of Johanna Helmericks, a minor, who, at the time of the happening of the incident giving rise to the present controversy, was approximately four years of

[1]. Hereinafter referred to as Meyer.

age. The Helmericks are citizens and residents of Kansas. The amount in controversy exceeds in value the sum of $3,000, diversity of citizenship exists, and this court has jurisdiction. 28 U.S.C.A. § 1332(a) (1).

The issue presently before the court arises on plaintiff's Motion for Summary Judgment, Rule 56, Federal Rules of Civil Procedure, 28 U.SC.A., defendants having filed separate answers, admitting some of the basic facts. Others have been brought before the court in the manner contemplated by subdivisions (b) *et seq.* of the rule, and especially by a "Separate Offer of Proof" filed by Meyer. The question, in a nutshell, is whether plaintiff, at this time and on the basis of the admitted facts, is entitled to a judgment declaring it to be under no duty to defend any action brought against Meyer for injuries received by the minor on October 14, 1948 and determining that it will not become liable for any judgment obtained by the Helmericks against Meyer, under a public liability policy of insurance issued by it to Meyer.

The facts admitted in the pleadings are, by this reference, so found. Those shown by the separate offer of proof tend to point up, and to make more understandable, the issue raised by the motion. The policy of insurance obligated the plaintiff to pay, on behalf of the insured (Meyer), all sums which it should become obligated to pay by reason of the liability imposed upon it by law for damages on account of bodily injuries or death arising out of the actual prosecution of insured's business operation, the limits of its liability being $20,000 to any one person and $50,000 on account of any one accident. Plaintiff's liability as insurer under the policy is conditioned, however, by the following provisions:

"The Insured upon the occurrence of an accident shall give written notice thereof as soon as practicable with the fullest information obtainable at the time to the Company at its home office, or to its duly authorized agent. The Insured shall give like notice of any claim and of any suit on account of an accident, and shall forward to the Company promptly at its home office, every summons or other process and papers connected with such claim or suit. The Company reserves the right to settle any claim or suit. Notice given by or on behalf of the Insured to any authorized agent of the Company with particulars sufficient to identify the Insured shall be notice to the Company. Failure to give any notice required to be given by this policy within the time specified therein shall not invalidate any claim made by the Insured or by the injured person or his or her personal representative if it shall be shown not to have been reasonably possible to give such notice within the prescribed time, and that notice was given as soon as was reasonably possible."

"No action shall lie against the Company unless as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company. * * *"

Summarizing the facts, on or about October 14, 1948, an employee of Meyer was sent to the Helmericks' residence to ascertain and remedy a defect in a floor furnace which it had installed. After his arrival and in the presence of Mrs. Helmericks, the employee removed the furnace register from the floor, the furnace being set beneath the floor level and accessible only from above. Upon investigation, it was found that the thermostat was not functioning. This discovery prompted the employee to go outside of, and beneath the house to check the wiring. The inspection disclosed a "short" in the electrical system. During the investigation, the employee was under the impression that the child, Johanna, aged four, was following him and observing his work. After finding the "short," the employee went to his truck to obtain some tape with which to repair the wiring. Approximately five or ten minutes after he had returned to his work beneath the house, the child fell into the opening, where the register had been removed, and onto the hot furnace. After helping to remove the child, the em-

ployee took both mother and child to a doctor, who dressed the burns, after which, the employee then took Mrs. Helmericks and the child to their home. At no time during the trip to or from the doctor, and at no time afterwards, did the mother state she thought the employee was in any way to blame for the child's injuries. Thereafter, both the employee and officials of Meyer frequently saw the parents of the injured child and inquired as to her condition; but at no time did either of the parents make any claim that the child's injuries resulted from negligence on the part of Meyer's employee.

On February 11, 1950, about sixteen months after the injury, Meyer received a letter from counsel for the Helmericks wherein demand for damages, totaling $29,657.50, on account of the above injuries, was made on Meyer. Meyer immediately notified plaintiff of the claim after receipt of the letter and requested it to assume the obligations and duties imposed upon it under the insurance policy referred to. Meyer admittedly had knowledge of the injuries received by the child and the manner in which they were sustained, on, or immediately after, the day they were received. Plaintiff had no notice of the accident and injuries until the above notification on February 13, 1950.

Plaintiff contends that the failure of Meyer to give notice to it of the accident until sixteen months after it occurred amounted "to a violation of the policy condition, and renders it unnecessary for the company to perform any of its duties or covenants under the policy." Meyer argues: (1) that it was not reasonably put on notice a claim would be filed against it until the letter from the lawyers was received, giving notice that a claim for damages would be filed; (2) that the question wheth-er notice of an accident was given "as soon as practicable," as provided in the policy, is a question of fact which should be determined by a jury, trial by jury having been demanded, Rule 38(b); and (3) the provisions of the policy have not been breached but were substantially complied with. It also urges that the purpose and effect of the notice clause was to provide the insurer with notice so it could prepare its defense; that notice was given in time to enable it to do so and no prejudice has resulted from failure to advise about the accident sooner; and that, for present purposes, the facts and circumstances brought onto the record by both parties, including those shown in its offer of proof, "must be considered in the light most favorable to the party against whom summary judgment is sought." On behalf of the minor and her parents, although no briefs have been filed, it is urged the plaintiff "be put upon strict proof of * * * [the allegations of its] complaint."

█ .Careful study of the well-prepared briefs of the parties and of the numerous cases cited therein convinces the court that the motion should be denied and the factual issues should be submitted to a jury. This conclusion is bottomed in part upon the language of the rule under which the motion is drawn; but it is clearly suggested in the legion of cases by appellate courts admonishing trial courts not to use the rule as "a substitute for a trial where there is a bona fide dispute as to material facts".[2] It "is not the purpose of the rule to deprive litigants of their right to a full hearing on the merits if any real issue of fact is tendered",[3] and the "power to pierce the flimsy and transparent factual veil should be temperately and cautiously used lest abuse reap nullification."[4]

The question of law, which will evolve when all of the factual issues are deter-

2. Brooks v. Utah Power & Light Co., 10 Cir., 1945, 151 F.2d 514, 516.

3. Avrick v. Rockmont Envelope Co., 10 Cir., 1946, 155 F.2d 568, 571.

4. Chicago, Rock Island & P. R. Co. v. Consumers Coop. Ass'n, 10 Cir., 1950, 180 F.2d 900; Hunter v. Mitchell, 1950, 86 U.S.App.D.C. 121, 180 F.2d 763; Harris v. Railway Express Agency, 10 Cir., 1949, 178 F.2d 8; Porter v. Jones, 10 Cir., 1949, 176 F.2d 87; Avrick v. Rockmont Envelope Co., footnote 3, supra. Cf. Staffin Lewis Corporation v. Rose Derry Co., D.C.Mass.1950, 9 F.R.D. 704; Luria Steel & Trading Corporation v. Ford, D.C.Neb.1949, 9 F.R.D. 479; Woods v. Mertes, D.C.Del.1949, 9 F.R.D. 318; Finlay v. Union Pac. R. Co., D.C.Kan.1946, 6 F.R.D. 284.

mined, is a difficult one; but it need not be determined at this time. The cases cited in the briefs range from those in which a court properly held, as a matter of law, that the occurrence giving rise to the controversy was so trivial in nature, or the injuries received were so slight, or the insured's involvement was so questionable as not to require immediate report, on the one hand, and, on the other, to those in which the accident was of such magnitude, or the injuries received were so great, or the insured's involvement was so certain that none but the most foolish would neglect to give the required notice. Illustrative of the latter type is Fireman's Fund Indemnity Co. v. Kennedy [5] in which it was held, as a matter of law, that the insurer was relieved of liability where the insured had knowledge of the accident and his involvement but delayed for forty days the giving of notice. Illustrative of cases in the other category are: Young v. Travelers Ins. Co.,[6] Hawthorne v. Protective Association,[7] and the other cases shown in the margin.[7]

The summary of the contentions of Meyer, as shown above, indicates that there are several questions of fact, perhaps overlapping, which should be submitted to a jury. In its argument it urges that it "believed and had every reason to believe that the injury to the little child was wholly due to the failure of * * * [its] mother * * * to take proper care of [it];" that it "had no reasonable ground to believe that any accident of the character it was required to report under the policy had occurred;" and "as soon as there was any intimation * * * [it] was involved in the accident, prompt notice was given." It points out that the clause, "as soon as practicable," as construed by the Kansas cases, requires determination by a jury of the question whether it had acted within that limitation. It contends that no prejudice resulted from its failure to give earlier notice, pointing out that all witnesses were

still available when the notice was given, the premises where the accident occurred were in the same condition and "the situation of the parties remains unchanged."

 The court purposely refrains from expressing any opinion as to the merits of the controversy or from determining the "law of the case." Under subdivision (d) of Rule 56 the court can, and will, either at the pre-trial conference under Rule 16 or earlier, "make an order specifying the facts that appear without substantial controversy" and thereby simplify the issues. Such an order, if agreed upon by counsel for the parties, may be incorporated in an order to be prepared by counsel for Meyer denying the motion for summary judgment. Settle in accordance with the Federal Rules of Civil Procedure and the local Rules of Practice. The case will be calendared for trial at the next term of this court to be held in Topeka.

5. 9 Cir., 1938, 97 F.2d 882.

6. 5 Cir., 1941, 119 F.2d 877.

7. 1922, 112 Kan. 356, 210 P. 1086, 29 A.L.R. 494; cf. McClure v. Freeborn Engineering & Construction Co., 1916, 97 Kan. 695, 156 P. 692; Board of Com'rs of Republic County v. Guaranty Co., 1915, 96 Kan. 255, 150 P. 590; School District No. 1 of Clark County v. McCurley, 1914, 92 Kan. 53, 142 P. 1077.