## HADDEN v. RUMSEY PRODUCTS, Inc., et al.

### No. 27088.

United States District Court
W. D. New York.
March 21, 1951.

McKeehan, Merrick, Arter & Stewart, Cleveland, Ohio, Howard T. Saperston, Buffalo, N. Y., of counsel, for plaintiff.

Averbach & Bonney, Seneca Falls, N. Y., Albert Averbach and Theodore C. Bonney, Seneca Falls, N. Y., for defendants.

KNIGHT, Chief Judge.

This proceeding seeks equitable relief and is based on a petition and supplementary petition by the defendants for an injunction restraining plaintiff and his attorneys from all proceedings to enforce or collect a judgment on cognovit notes for $183,671.82, with interest thereon from the 12th day of December, 1949, at the rate of $\frac{1}{30}$th of 1% per day, taken and entered on the 30th day of December, 1949, in the U. S. District Court for the Northern District of Ohio, Eastern Division, in favor of the plaintiff and against each of the defendants jointly and severally. To avoid confusion, the parties will be referred to as they are designated in the action wherein the judgment was obtained.

On or about the 16th day of January, 1950, the Clerk of this Court received an exemplified copy of a journal entry of the judgment with·instructions from the attorneys for the plaintiff to file the same in the Clerk's Office. Defendants first learned that the plaintiff had obtained the judgment on January 20, 1950.

The original verified petition of defendants for an order to show cause and for a temporary restraining order staying the proceeding to enforce the judgment, veri-

990

fied January 20, 1950, among other things, alleges that there are several defenses to the notes, including fraud and duress. The judgment debtors seek relief in the equity side of this court from the claimed void judgment.

In the defendants' verified petition, dated October 2, 1950, upon which the order to show cause containing the stay and preliminary injunction was granted October 3, 1950, it is alleged: "That there exists to the knowledge of your petitioners absolute defenses to the notes in question which are alleged to have been cognovit notes consisting of matters which would invalidate said notes, viz.: duress, practiced upon the corporation and the individual defendants at the time of the execution of said notes, and fraudulent misrepresentations of facts which would likewise invalidate said notes and constitute absolute defenses thereto; that the said notes were obtained from the individual defendants by Manufacturers Trading Corporation, its officers, directors, by misrepresentation of material facts, fraudulent representations made, knowing the same to be false, upon which the individual defendants relied in making the said cognovit notes, and endorsements thereon; that there have been extensions of liability and compromises made by the plaintiff without consent or knowledge of the individual defendants and the corporation defendant, which would release the individual defendants from any and all liability upon said notes; that there have been modifications of the loan agreements between Manufacturers Trading Corporation and its trustee and Rumsey Products, Inc. and Chicago Pneumatic Tool Corporation and other corporations and persons which would invalidate liability and responsibility of the individual defendants; all of which would be subject matters to be determined by this court in a proceeding in which proof would be introduced before the said Court to determine whether or not the judgments obtained as aforesaid against the defendants were in fact and in law void, fraudulent, and tainted with invalidity and illegality as a result of fraud, duress, misrepresentation and fraudulent withholding of matters important to the validity of the said notes

and endorsements thereon, and constitutes actual fraud in fact and in law and deceit practiced upon the individual defendants."

To the petition several exhibits are attached. In Exhibit B, a letter from defendant Rumsey Products, Inc. to plaintiff Hon. John A. Hadden, dated October 7, 1949, in which receipt is acknowledged of a letter from the plaintiff, dated October 5, 1949, it is stated that plaintiff, among other things, intends:

"(3) To endeavor to collect all sums owing to you by this Company and the individual guarantors.

"We have carefully reviewed your letter, and desire to go on record as being opposed to each of the three intended actions you propose to take, and are serving notice upon you as the Trustee of Manufacturers Trading Corporation, that we will, within all legal bounds permitted us by the law governing our type of loan agreement, resist any claims that you may hereafter advance against this Company, in the event that you do take the threatened action referred to in your letter of October 5th., 1949. * * *

"This letter will also serve as notice to you that Rumsey Products Inc. will assert absolute defences (sic) to the validity and consideration and enforceability of the loan agreement with the Manufacturers Trading Corporation.

\*     \*     \*     \*     \*     \*

"I have reviewed the views expressed herein and discussed the same with Albert Averbach, John Balch, Theodore C. Bonney, and David M. Hayman, to whom you addressed copies of your letter of October 5th. 1949, as endorsers and guarantors, and I am authorized on behalf of each of them individually, to state that the views herein expressed are concurred in by them, and that each of them will be willing to discuss this matter in person, as such endorser and guarantor, with you, or a representative of your Company, either in Seneca Falls or New York, at any time in the immediate future, and that each of the aforesaid, and the writer, who is also an endorser and guarantor, to whom your original letter was addressed, will resist any attempt to collect

upon the guaranty or endorsement agreement for the reasons above stated, and any other defenses that may be available to them on said guaranty or endorsement."

In Exhibit C, a letter to the President of Manufacturers Trading Corporation from the defendant Averbach, dated December 2, 1949, it is stated: "I desire to call your attention to the letter of Rumsey Products, Inc. dated October 7, 1949 in answer to your letter of October 5, 1949, in which I concurred, expressing therein fully our views on this general subject matter."

It is further alleged in the Supplementary Petition verified and filed October 10, 1950, that the law firm of McKeehan, Merrick, Arter & Stewart, stated by plaintiff's counsel to be "one of the largest and most distinguished law firms in Cleveland", were attorneys for the said John A. Hadden, disinterested trustee, and also for the Manufacturers Trading Corporation and Eliott E. Berkwit; that notwithstanding said notification of the existence of such absolute defenses, the said firm of McKeehan, Merrick, Arter & Stewart did, on the 30th day of December, 1949, cause and permit a member of said law firm, to wit, George P. Bickford, to file an answer as attorney for the defendants consenting to the entry of the judgment requested in the petition for judgment filed on behalf of the plaintiff by the said law firm.

It is also alleged in the petition and admitted by the plaintiff that George P. Bickford, the attorney who made, verified and filed the answer pursuant to the warrants of attorney annexed to the cognovit promissory notes, by which he waived the issuance and service of process and confessed judgment against all of the defendants in favor of the plaintiff for the amount hereinbefore stated, with costs, and released all errors and waived all rights of appeal, stay of execution and right of appraisal of real estate and personal property on behalf of the defendants and each thereof, was a member of the firm of attorneys representing the plaintiff John A. Hadden, disinterested trustee.

An order to show cause was returnable in this Court on the 30th day of January, 1950, and was adjourned from time to time. On October 3, 1950, an order to show cause was granted returnable October 10, 1950. Exhibit A attached to petition filed October 3, 1950, which is a letter from Saperston, McNaughtan & Saperston, counsellors at law, to Averbach & Bonney, attorneys (defendants), undated, states: "We wish to inform you that we have been retained by the Trustee of Manufacturers Trading Corporation to represent them in connection with the entry of the judgment and the collection of the judgment. We will be prepared to appear in Federal Court on October 10th."

On the return day of the order to show cause, October 10, 1950, Howard T. Saperston, Esq. appeared for the plaintiff judgment-creditor, and Averbach & Bonney, Esqs., defendants, appeared for the defendants. At the opening of his remarks, Mr. Saperston stated "If the Court please, we appear specially for the judgment creditor", and then proceeded to argue in behalf of the plaintiff.

■ With respect to the quality of the appearance of Mr. Saperston in behalf of the plaintiff stated by him to be "specially". The rule is that a general appearance is entered whenever the party invokes the judgment of the Court in any way on any question other than the Court's jurisdiction without being compelled to do so by previous rulings of the court sustaining the jurisdiction. Cf. Leonardi v. Chase Nat. Bank of City of New York, 2 Cir., 81 F.2d 19, 20; Cowley v. Northern Pacific Railroad Co., 159 U.S. 569, 583, 16 S.Ct. 127, 40 L.Ed. 263; Jos. Riedel Glass Works, Inc. v. Keegan, D.C., 43 F.Supp. 153.

■ By attempt to file an exemplified copy of the journal entry of the judgment on January 16, 1950, and again on October 10, 1950, the plaintiff must be deemed to have submitted the validity of the judgment to this Court to take jurisdiction of the investigation and to have appeared generally so that any words of "special appearance" are not sufficient to produce such a result. Farmer v. National Life Association, 138 N.Y. 265, 270, 33 N.E. 1075; Merchants Heat & L. Co. v. James B. Clow & Sons, 204 U.S. 286, 290, 27 S.Ct. 285, 51 L.Ed. 488.

There is no dispute as to the documentary evidence in this proceeding. The cognovit notes, the correspondence between the parties with respect to defenses, the answer made and filed by a member of the law firm representing the plaintiff-trustee who had knowledge of the correspondence referred to, the entry of judgment, the attempt to file an exemplified copy of the journal entry of the judgment in favor of the plaintiff and against the defendants in the U.S. District Court for the Northern District of Ohio, Eastern Division, in the office of the Clerk of this Court.

■ The essential jurisdictional matters necessary to an equity action in this Court are stated in the defendants' verified petition which should be treated as an independent proceeding, Barrow v. Hunton, 99 U.S. 80, 83, 25 L.Ed. 407; Johnson v. Waters, 111 U.S. 640, 667, 4 S.Ct. 619, 28 L.Ed. 547; Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266; McGinn v. United States, D.C., 2 F.R.D. 562; Preveden v. Hahn, D.C., 36 F.Supp. 952, i. e. diversity of citizenship and amount, as well as fraud. No formal answer to the petition has been made by plaintiff, but an oral argument was made and briefs were filed on his behalf.

■ Plaintiff contends that the only manner in which relief from the judgment may be obtained by defendants is under Fed.Rules Civ.Proc. Rule 60(b), U.S.C.A. Title 28, and that the motion must be made to the Court granting the judgment. Where relief from a judgment obtained by fraud upon the Court granting the judgment is sought, Rule 60(b) does not apply, Shurtz v. Foster & Kleiser Co., D.C., 29 F.Supp. 162, and such relief is available when a Court having equity jurisdiction is requested to make investigation wherever any such court may lay hold of the parties. United States v. Hartford-Empire Co., D.C., 73 F. Supp. 979, 982; Fiske v. Buder, 8 Cir., 125 F.2d 841, 849.

In Williamson v. Berry, 8 How. 495, 539–540, 49 U.S. 495, 12 L.Ed. 1170, it was said to be well settled, "that the jurisdiction of any court exercising authority over a subject may be inquired into in every other court, when the proceedings in the former are relied upon, and brought before the latter, by a party claiming the benefit of such proceedings. The rule prevails, whether the decree or judgment has been given in a court of admiralty, chancery, ecclesiastical court, or court of common law, or whether the point ruled has arisen under the laws of nations, the practice in chancery, or the municipal laws of the states."

And see Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8, 16, 27 S.Ct. 236, 51 L.Ed. 345; Ralston v. Sharon, C.C., 51 F. 702, 707; Johnson v. Waters, 111 U.S. 640, 667, 4 S.Ct. 619, 28 L.Ed. 547; Bass v. Hoagland, 5 Cir., 172 F.2d 205, 208; Griffith v. Bank of New York, 2 Cir., 147 F.2d 899, 901, 160 A.L.R. 1340.

■ In Sayers v. Burkhardt, 4 Cir., 85 F. 246, 248, the Court said: "An independent suit, the object of which is to set aside a decree because of conspiracy and fraud resorted to and practiced in procuring the same, is not necessarily required to be brought in the court where said decree was rendered, but may be instituted in any court of competent jurisdiction." And see United States v. Hartford-Empire Co., D. C., 73 F.Supp. 979, 982; Simon v. Southern Railway Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Logan v. Patrick, 5 Cranch 288, 3 L.Ed. 103. The attack here by the defendants is not against the judgment itself but against the plaintiff for fraud in obtaining the judgment, Johnson v. Waters, 111 U.S. 640, 667, 4 S.Ct. 619, 28 L.Ed. 547; Cohen v. U. S., 6 Cir., 178 F.2d 588, 591, through failure of the attorney to speak when he should have spoken and to disclose to the Court the known claim of defendants with respect to the validity of the notes. In other words, suppression of the truth is equivalent to a false statement. Fleming v. Slocum, 18 Johns. 403. It does not appear that there was any evil intention on the part of the attorney, a member of the firm of attorneys representing the plaintiff, when he executed the warrant and filed his answer for the defendants. The conduct of the attorney, however, amounted to fraud or deception, and the defendants thereby suffered the loss of some right. Arrowsmith v. Gleason, 129 U.S. 86, 9 S.Ct. 237, 32 L.Ed. 630; Marshall v.

Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870; McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533; Simon v. Southern Railway, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; United States v. Throckmorton, 98 U.S. 61, 66, 25 L.Ed. 93; Ferguson v. Wachs, 7 Cir., 96 F.2d 910, 918; Boston & Maine R. R. v. Delaware & Hudson Co., 238 App.Div. 191, 264 N.Y.S. 470.

In Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 248, 64 S.Ct. 997, 1000, 88 L.Ed. 1250, the Court said: "From the beginning there has existed * * * a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments * * *. Marine Insurance Co. v. Hodgson, 7 Cranch 332, 3 L.Ed. 362; Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870. * * * Out of deference to the deep rooted policy in favor of the repose of judgments * * *, courts of equity have been cautious in exercising their power over such judgments. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. But where the occasion has demanded, where enforcement of the judgment is 'manifestly unconscionable,' Pickford v. Talbott, 225 U.S. 651, 657, 32 S.Ct. 687, 689, 56 L.Ed. 1240, they have wielded the power without hesitation. Litigants who have sought to invoke this equity power customarily have done so * * * by original proceedings to enjoin enforcement of a judgment. And in cases where courts have exercised the power the relief granted has taken several forms: setting aside the judgment to permit a new trial, altering the terms of the judgment, or restraining the beneficiaries of the judgment from taking any benefit whatever from it. But whatever form the relief has taken in particular cases, the net result in every case has been the same: where the situation has required the court has, in some manner, devitalized the judgment * * *."

And in Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447, the Court said: "The inherent power of a federal court to investigate whether a judgment was obtained by fraud, is beyond question. Hazel-Atlas [Glass] Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250. The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation."

The burden of proving fraud and misrepresentation is upon the defendants here and fraud is not to be presumed but must ordinarily be proven by clear and convincing evidence. Fiske v. Buder, 8 Cir., 125 F.2d 841, 846, 849. From the defendants' verified petition, it appears that the defendants may have meritorious defenses to the notes upon which the judgment is based. To the petition and the supplementary petition are attached exhibits relied upon by the defendants as evidence of the fraud upon the court in obtaining the judgment, none of which are disputed by the plaintiff. Oral proof to further establish the exhibits or the undenied petition, taken with the admissions of the plaintiff upon the argument and by his briefs would have no probative value and would serve no useful purpose in this proceeding. W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc., 2 Cir., 1951, 186 F.2d 236; Assmann v. Fleming, 8 Cir., 159 F.2d 332.

In their verified petition, defendants have alleged fraud upon the court in taking the judgment whereby they were prevented from presenting the merits of their case to which plaintiff has taken the position that plaintiff had the right and was justified in entering the judgment and that he had the right to file the transcript so that execution might be issued against the defendants for its collection. There is no denial by the plaintiff of the alleged fraud, duress, misrepresentation and fraudulent withholding of information important to the validity of the notes or that the acts of Bickford amounted to a fraud upon the court. Counsel for the plaintiff on the oral argument admitted that there was correspondence between the defendants and plaintiff and insisted that the plaintiff was justified in the entry of the judgment as the "accepted practice in the State of Ohio for a member of the same law firm to appear for a defendant on a cognovit note when an

action has been instituted by that law firm." While, where there is no fraud, plaintiff's counsel may be correct as to the Ohio practice, see Withers v. Starace, D.C., 22 F.Supp. 773, 774, with respect to plaintiff's attorneys entering judgment in that state on cognovit notes, yet fraud upon the court by an attorney necessarily alters the practice in any jurisdiction. Fraud which prevents a person from presenting an available defense is proper ground for relief against a judgment. 31 Am.Jur. 230, sec. 654 and cases cited in n. 12.

It seems unnecessary to pass upon other points raised by the defendants.

In the circumstances the plaintiff John A. Hadden, disinterested trustee for the Manufacturers Trading Corporation, is enjoined from taking or attempting to take any further proceeding for the enforcement of the judgment.