HARDY, Judge.
This is an action in tort for the recovery of damages in the nature of personal injuries allegedly sustained by plaintiff by reason of the negligence of defendant, and this appeal has been perfected by plaintiff from judgment sustaining an exception of no cause of action and dismissing his suit.
The facts asserted by plaintiff in his petition, and upon which he relies for recovery, are that following his purchase of a 30 gallon hot water heater from defendant, Sears, Roebuck & Company, which appliance was to be delivered by the defendant vendor and installed, or caused to be installed, by plaintiff, the crated heater, weighing approximately 200 pounds, was delivered to plaintiff’s residence by a named agent and employee Of the defendant; that the said employee requested the assistance of plaintiff and one of his employees in unloading the appliance from the trunk of his automobile and placing same in the kitchen of plaintiff’s residence; that while defendant’s employee, plaintiff and his employee were in the process of lowering the appliance to the floor of the kitchen, plaintiff sustained an injury to his back.
The specific allegations of negligence directed against defendant are recited in plaintiff’s brief as follows:
“Petitioner further shows that defendant is negligent herein for the foregoing reasons and in addition thereto the defendant was negligent for the following reasons, to-wit:
“1. Causing its employee, Mr. FRED L. PARKER, to place the said tank in his own personal automobile without providing employees to assist in unloading said heater.
*867 “2. In delivering the said hot water heater in the said MR. FRED L. PARKER’S personal vehicle well knowing that it would he physically impossible to deliver said heater without obtaining additional assistance.
“3. In requesting MR. C. J. GREENLEE, your petitioner, to assist in the unloading and removing of said hot water tank.
“4. In failing to provide proper means of transportation and delivery of said hot water heater and specifically adequate personnel for the unloading of same.
“5. In delivering said tank when defendant knew or should have known plaintiff would receive injuries of the nature and kind received by plaintiff above described.”
Defendant’s exception is based upon the contentions that the allegation of ultimate fact contained in plaintiff’s petition failed to show actionable negligence on the part of defendant; that the allegations show the negligence of plaintiff to have been the sole and proximate cause of the accident; alternatively, that plaintiff was guilty of contributory negligence, and further in the alternative that plaintiff assumed the risk of injury, which assumption was pleaded in bar of judgment.
Learned counsel for plaintiff in brief before this court asserts that an exhaustive search of Louisiana authorities has revealed only two cases involving facts similar to those concerned in the instant case, namely, Harris v. George E. Elridge, Inc. (La.App. 1st Cir. 1935), 164 So. 494, and Campbell v. All State Insurance Company (La.App. 1st Cir., 1959), 112 So.2d 143. Our examination of these cases does not disclose that either offers any support to plaintiff’s position. In the Harris case, after holding that the driver of an ice truck was possessed of implied authority to invite and accept the assistance of plaintiff, the Court found that plaintiff’s injury was due to the direct negligence of defendant’s employee in his careless handling of a 300 pound block of ice, which fell upon and injured the plaintiff. In the Campbell case the court was primarily concerned with the status of the injured person as an invitee and held, after consideration on the merits, that the rule of reasonable care was applicable only to known or reasonably expected dangers.
The petition in the instant case does not assert any act of negligence on behalf of defendant’s employee but relies exclusively upon the alleged negligence of defendant in failing to provide a sufficient number of employees to unload and place the purchased appliance in plaintiff’s residence. We cannot conclude that this omission on the part of defendant constituted, in itself, actionable negligence. Nor is any negligence to be implied by the mere request of defendant’s employee for assistance by plaintiff and his employee, which neither of the latter were under any obligation to accord.
Under the allegations of plaintiff’s petition he occupied the status of an invitee to whom defendant’s employee owed the duty of reasonable care and the petition entirely fails to state any fact which indicates a violation or failure of this duty.
In Dixon v. Herrin Transportation Co , La.App., 81 So.2d 159, this court affirmed *. judgment sustaining an exception predicated upon the proposition that the defendant trucking company was not liable in tort to the employee of a shipper who was assisting defendant’s employee, at his request, in loading a drum of cleaning fluid into defendant’s truck. In Harris v. Railway Express Agency, Inc. (U.S.C.A. 10th Cir., 1949), 178 F.2d 8, the court held that the allegation of negligence, based upon failure to furnish a sufficient number of employees to handle a heavy piece of freight, did not impose liability, citing Hockenberry v. Capital Iron Works, 96 Kan. 548, 152 P. 628.
*868 It is our opinion that plaintiff’s petition has failed to allege actionable negligence on the part of defendant, and it follows that the judgment appealed from should be, and, accordingly it is, affirmed at appellant’s cost.