This is a suit for the recovery of damages for personal injuries. Plaintiff alleges in her petition that, on November 6th, 1940, she was standing on the corner of Burgundy and St. Philip streets in the city of New Orleans in front of a building owned by defendant when she was struck on the head by several slates which had been thrown from the roof of the premises by one Willie Granna; that Granna had been employed by defendant to make repairs to the roof of the building and that, while he was engaged in this work, he negligently threw the slates from the roof into the street and onto her head thereby causing the personal injuries for which recovery is sought.
The defendant admits the happening of the accident but denies all responsibility therefor on the ground that Willie Granna was not employed by him and had no authority to go upon the roof of his building.
After a trial in the lower court on this issue, there was judgment in favor of defendant dismissing plaintiff's suit. Plaintiff has appealed.
The case has been submitted for our decision on the record and without brief or oral argument by counsel for either litigant. Therefore, while we are not advised of any alleged error of the trial court, we have undertaken an examination of the transcript with a view of ascertaining whether the judgment is so manifestly in conflict with the evidence as to require a reversal of the decision.
The testimony reveals that defendant operates a grocery store on Burgundy street and is also the owner of a building situated on the corner of Burgundy and St. Philip streets which is occupied by a negro tenant; that, on the morning of the accident, this tenant complained to another negro, named Granna, that the roof of the building was leaking and that, if he (Granna) would take the matter up with the defendant, the latter might give him the job of repairing it; that Granna thereupon called at the grocery store operated by defendant and asked defendant's wife to give him permission to make the repairs; that defendant's wife told him that he would have to take the matter up with her husband; that, notwithstanding this, Granna went upon the roof without defendant's permission and that, while he was walking upon it, he stepped on a slate, causing it to break and fall from the roof onto plaintiff's head.
Under the foregoing facts, it seems clear that the judge was correct in dismissing plaintiff's suit. Granna went upon the roof of the building without authority of the defendant and, therefore, the relation of master and servant did not exist.
During the trial, plaintiff's counsel attempted to produce testimony to show that the slates on the roof were defective. This testimony was objected to on the ground that plaintiff had based her cause of action on the theory that her injuries were caused by the negligence of Granna. The objection was properly sustained by our brother below.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.