169 So.2d 654 (1964)
Harold K. LITTLE
v.
CATERPILLAR TRACTOR COMPANY et al.
No. 6217.
Court of Appeal of Louisiana, First Circuit.
November 16, 1964.
Rehearing Denied December 21, 1964.
*656 Sylvia Roberts, H. Alva Brumfield and Robert S. Cooper, Jr., Baton Rouge, for appellant.
Pittman & Matheny, Hammond, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
*657 LANDRY, Judge.
This is a tort action against several alleged third parties by an injured employee who previously received a compensation settlement from his employer, T. E. Barnett. Defendants, Dixie Electric Membership Corporation (hereinafter sometimes referred to simply as "Dixie") and its liability insurer, Aetna Casualty and Surety Company (sometimes hereinafter referred to simply as "Aetna" or "Insurer"), filed exceptions of no cause of action which were sustained by the trial court and from said adverse determination plaintiff has appealed.
The alleged accident occurred while Roy Barnett, plaintiff's alleged co-employee and foreman, was operating a D-7 Caterpillar tractor with an attached bulldozer cutting blade in the process of clearing a right-of-way. The blade of the machine became entangled in a tree stump and upon orders from his said foreman, plaintiff was attempting to free the bulldozer by cutting the stump with an axe. While so occupied, a tree limb struck the operator, Roy Barnett, and the brake lever of the equipment causing the blade to fall and strike plaintiff with such force as to inflict grievous injuries to his person.
Alleging faulty design and manufacture on the part of the machine's producer, Caterpillar Tractor Co., said concern was made defendant in that it reputedly failed to equip the tractor with a "headache rack" to protect the driver and control levers. Also named defendants were Curran Machinery, Inc. lessor of the bulldozer; Crown-Zellerbach Corporation, who installed the cutting blade; and the three liability insurers of said corporate defendants.
Plaintiff amended his original petition alleging R. W. Barnett (Roy Barnett) was part owner of the firm of Barnett Right-of-Way Contractor, and impleading as additional defendants R. W. Barnett and The Insurance Company of Pennsylvania, liability insurer of T. E. and R. W. Barnett. The suit against The Insurance Company of Pennsylvania was dismissed on motion for summary judgment based on policy exclusions. Plaintiff has not appealed the judgment of the trial court in this regard.
By second supplemental and amending petition, T. E. Barnett, Dixie and Aetna were made parties defendant, the latter two parties being the sole appellees herein.
Recovery against Dixie and its said insurer is sought herein on two inter-connected but alternative alleged factual situations both of which are predicated upon the doctrine of respondeat superior.
For purposes of disposing of appellee's exceptions of no cause of action, all well plead allegations contained in plaintiff's petition must be accepted as true. Breaux v. Pan American Petroleum Corporation, La.App., 163 So.2d 406; Keller v. Thompson, La.App., 121 So.2d 575. Any attempt on the part of appellees to contradict the allegations of fact contained in appellant's petition, as supplemented and amended, must be relegated to a defense of the suit on its merits.
In essence, plaintiff's original petition alleges that Thompson E. Barnett agreed to clear certain right of way for Dixie and employed plaintiff as a cutter or trimmer to assist in the operation. It is further asseverated that Thompson E. Barnett leased the Caterpillar from defendant Curran Machinery, Inc., and the machine became entangled in a stump while being operated by Roy Barnett, an employee and foreman of Thompson E. Barnett. However, the alleged relationship of Roy Barnett to Thompson E. Barnett was amended in plaintiff's second supplemental petition as hereinafter shown.
The allegations of plaintiff's supplemental petition were amended by a second supplemental and amending petition which makes certain vague and apparently inconsistent averments regarding the contractual and legal relationships between the various defendants. It also contains a rather inept *658 attempt at alternative pleading. However, in accord with the present-day policy of liberal construction of pleadings, we will consider the positions advanced by appellant as having been properly plead in the alternative.
The allegations of the original petition not specifically amended by the supplemental and amending petitions filed herein, and which, therefore, must be considered together with the allegations of the second supplemental petition for purposes disposing of appellees' exceptions, read as follows:
"7.
"That Thompson E. Barnett and Roy W. Barnett are partners and are engaged in the business of right of way clearance under the name `T. E. Barnett Right of Way Contractor' and were so engaged at the time of this accident.
"7-A.
"That Thompson E. Barnett and Roy W. Barnett doing business as `T. E. Barnett Right of Way Contractor' worked exclusively for Dixie Electric Membership Corporation and had at the date of the accident always exclusively worked for said Dixie Electric Membership Corporation and that due to the nature of the arrangement by and between `T. E. Barnett Right of Way Contractor' and Dixie Electric Membership Corporation said T. E. Barnett was the employee of said Dixie Electric Membership Corporation.
"27.
"That Roy W. Barnett was at the same time a partner in the business known as `T. E. Barnett Right of Way Contractor' and also an employee of `T. E. Barnett Right of Way Contractor' being classified as a foreman and caterpillar operator on said job and while an employee of said T. E. Barnett committed certain acts of gross negligence which resulted in plaintiff's injury and that this gross negligence, consisted of, but was not limited to the following; ordering your petitioner to perform this cutting operation in a grossly negligent and dangerous manner; in failing to ascertain whether your petitioner had removed himself from the area of danger before remounting the Caterpillar D-7; either striking the lever which released the blade or in actually releasing it intentionally thinking your petitioner was out of harm's way, and that this gross negligence was a concurrent proximate cause of the injury herein sued on."
Included in the pleadings are numerous allegations not pertinent to the issue before us. However, in appellant's second supplemental and amending petition is found the following paragraph germane to the matter under consideration:
"27-B
"Alternatively if it is found that R. W. Barnett was employee and foreman of T. E. Barnett Right of Way Contractor; and T. E. Barnett was an employee of the Dixie Electric Membership Corporation then the negligence of R. W. Barnett is imputable to said Dixie Electric Membership Corporation through T. E. Barnett and such negligence was a proximate concurrent cause of this accident and therefore, said Dixie Membership Electric Corporation is a proper defendant to this suit."
Our understanding of the pleadings filed herein by esteemed counsel for appellant is that it alleges, in substance, that Roy W. Barnett was an employee and partner of the partnership known as "T. E. Barnett Right of Way Contractor" which said concern's part owner, Thompson E. Barnett, was an employee of Dixie consequently Dixie is charged with legal liability for the negligence of the employee *659 of the partnership of which Dixie's said employee was a member. For purposes of determining the relationship of Roy W. Barnett to the alleged partnership of T. E. Barnett Right of Way Contractor, it must be conceded he could be both employee and partner of said firm. Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515. It must also be acknowledged that the partnership itself could, in legal contemplation, be considered an employee. Landry v. News-Star-World Pub. Corporation, La.App., 46 So.2d 140.
Plaintiff's alternative position, as we appreciate it, is to the effect Roy Barnett was the employee of Thompson E. Barnett, who, as owner or partner of the concern known as T. E. Barnett Right of Way Contractor, performed work solely for Dixie and was therefore an employee of Dixie. As a consequence of such relationship, Dixie is liable for the torts of the employee of its employee.
The doctrine of respondeat superior as known to the law of this state is based on the following articles of Louisiana Statutes Annotated, Revised Civil Code:
"Art. 2317. Acts of others and of things in custody
"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
"Art. 2320. Acts of servants, students or apprentices
"Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
"Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
"In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
As a general rule, to render a person liable for injuries under the doctrine of respondeat superior, the relationship of master and servant must be shown to have existed BETWEEN THE WRONGDOER AND THE PERSON SOUGHT TO BE HELD LIABLE FOR THE RESULT OF THE TORT and, moreover, such relationship must have existed at the time of the injury and in respect to the transaction out of which the injury arose. Volume 57 C. J.S. Verbo Master and Servant, § 562 page 273. (Emphasis supplied by the Court.)
It is well established jurisprudence that in actions ex delicto for personal injuries and damages, the rule of respondeat superior must be strictly construed. Romero v. Hogue, La.App., 77 So.2d 74; Gallaher v. Ricketts et al., La.App., 191 So. 713, and cases therein cited. The reason for such construction is that the liability thus imposed on the master is vicarious in nature and not necessarily founded on the fault of the employer. If the employee is negligent in the performance of the employer's business and thereby injures another, the employer is liable the same as if he personally inflicted the hurt.
To recover under the doctrine of respondeat superior the essential elements prerequisite and indispensable to its application must be alleged in order to state a cause of action.
First, negligence on the part of the employee must be averred. Greenlee v. Sears, Roebuck and Company, La.App., 138 So.2d 866.
Next, the provision of the foregoing codal authority to the effect the master is *660 liable for the acts of his servants "in the exercise of the functions in which they are employed" must be met which is tantamount to asserting the tortious act of the employee must be alleged to have been committed "in the course and scope of the employment." Romero v. Hogue, La.App., 77 So. 2d 74. Our careful consideration of plaintiff's petition, as amended, discloses no language identical to that contained in the applicable codal provision and neither does it allege the acts in question occurred during the course and within the scope of Roy Barnett's employment. We note, however, language which in substance charges the negligent acts complained of were committed within the scope and during the course of his employment by T. E. Barnett thereby alleging a cause of action against T. E. Barnett under the doctrine of respondeat superior.
Finally, we consider, the prerequisite which, in essence, is the prime basis for the rule of vicarious liability resulting from the doctrine of respondeat superior. It is settled law that the rule applies only when the relationship of master and servant or employer and employee exists between the alleged master or employer and the tortfeasor at the time of the injury sued for, and in respect to the transaction from which it arose. James v. J. S. Williams & Son, 177 La. 1033, 150 So. 9; Carson v. DeGeorge, La.App., 18 So.2d 356.
It is significant to note herein that although appellant specifically alleges Thompson E. Barnett was an employee of Dixie because of some particular arrangement between Dixie and T. E. Barnett Right of Way Contractor, the arrangement alluded to is unexplained. Of even greater importance is the fact that nowhere in plaintiff's pleadings does he allege Roy W. Barnett, the actual tortfeasor, was the employee of Dixie. Equally important to this issue is the complete absence of allegations of negligence on the part of T. E. Barnett, through whom the negligence of Roy W. Barnett is alleged to be transmittable by imputation to Dixie. Considering the absence of such allegations we must determine whether they are to be fairly inferred from the facts affirmatively set forth in appellant's several petitions.
That a master-servant relationship may exist between a partner of a firm engaged to do work for an alleged master when the partner is personally occupied in the work for which the partnership was retained appears to be a settled issue. See Amyx v. Henry & Hall, 227 La. 364, 79 So. 2d 483. Moreover, where an employer retains control of an operation and his employee engages additional employees with the employer's express or tacit consent, an employer-employee relationship is established between the employer and such additional or sub-employee giving rise to application of the rule of respondeat superior with respect to the torts of such additional or sub-employee. Monetti v. Standard Oil Co., La.App., 195 So. 89.
After carefully considering all of the allegations we are of the opinion we cannot indulge in the speculation nor can we assume or infer averments to the effect that the tortfeasor Roy W. Barnett was in the employ of Dixie at the time of the reputed tort. It does not follow, as a matter of law, that because one member of a partnership is found to be the employee of a certain employer, all members of such partnership are likewise employees of said master. It must be recalled that partnerships, in legal contemplation, are composed of people each of whom retains his personal identity as an individual notwithstanding his membership in the partnership imposes upon him certain duties and obligations concerning the affairs of the partnership. While employment of a partnership through employment of one of its members may constitute the partnership the employee of the employer, it does not necessarily follow that each and every member of the partnership likewise becomes the servant of the master. Various members of a given partnership may be simultaneously engaged as *661 employees of numerous employers or masters, but this does not mean, however, that every individual partnership member is the employee of those employers for whom he performs no services whatsoever. While his membership in the partnership may make him liable in law to those employers for whom his partner performs services as an employee, such circumstance does not, however, constitute him an employee of such other employer. His liability in such cases is predicated upon his being a member of the partnership and therefore legally responsible for its actions. This liability is not dependent upon the doctrine of respondeat superior.
The foregoing observations appear especially appropriate in view of appellant's allegations to the effect T. E. Barnett was the employee of Dixie because of peculiar (and undisclosed) circumstances. These unspecified circumstances, irrespective of their nature, do not necessarily and cannot be assumed to apply to Roy Barnett, the reputed tortfeasor. To state a cause of action against Dixie because of an employer-employee relationship between said defendant and Roy Barnett, such connection must be affirmatively plead. Not only does the record herein reflect the failure to allege an employer-employee relationship between Dixie and Roy Barnett, in our considered judgment, it appears that esteemed counsel for appellant, for reasons of his own, has most carefully avoided such averment. We observe further the allegation that Roy W. Barnett was a foreman was deemed necessary by counsel to avoid application herein of the "vice principal" exception to the fellow-servant rule.
The sub-employee rule with which we are here concerned renders the employer or master liable for the acts of such an employee on the basis the sub-employee is engaged in the employer's work and is therefore in reality the employee of the master or employer.
The initial employee who engages the sub-employee to perform the master's work does not thereby incur liability for the actions of the sub-employee for the initial employee is not the employer of the sub-employee but rather they are co-employees of the employer. When the doctrine of respondeat superior is applicable the initial employee is not considered the employer of the sub-employee consequently under the rule the negligence of the latter is not imputable to the former. Therefore by alleging in substance that one co-employee is liable for the tortious acts of another under the doctrine of respondeat superior, plaintiff asserts no cause of action.
The assertion that Roy Barnett is the employee of T. E. Barnett is, under the circumstances herein, a mere conclusion of law not supported by the allegations of fact. While the allegations must be taken as true, the courts must draw therefrom all proper legal inferences in determining the merits of appellees' exception of no cause of action. When the conclusions which must be drawn from the circumstances alleged do not present a justiciable cause, the petition is amenable to an exception of no cause of action.
We conclude the allegations, taken as a whole, seek to impose liability upon defendant Dixie by virtue of the imputation to said defendant Dixie of the negligence of a sub-employee, indirectly by means of the legal fiction of transmission of fault through an initial employee not concerned with or involved in the alleged tortious act. Granted that T. E. Barnett as the employee of Dixie could subject said employer to legal liability for the results of his own negligent actions, it does not follow that despite his freedom from negligence he may nevertheless serve as the medium of imputing the negligence of a co-worker or fellow employee to their common employer.
The judgment of the trial court is affirmed at appellant's cost.
Affirmed.