**BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Inc., Appellant,**

v.

**Mrs. Oliver ADOLPH, individually and on behalf of her minor children, Dale, Susette and Jean, Appellee.**

**Mrs. Oliver ADOLPH, individually and on behalf of her minor children, Dale, Susette and Jean, Appellant,**

v.

**BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Inc., et al., Appellees.**

**No. 23086.**

United States Court of Appeals
Fifth Circuit.

June 30, 1967.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for Birmingham Fire Ins. Co. of Pennsylvania.

Luke A. Petrovich, Buras, La., Reginald T. Badeaux, Jr., Robert R. Gisevius, J. Michael Cumberland, New Orleans, La., for Mrs. Oliver Adolph.

Before JONES, WISDOM and GOLD-BERG, Circuit Judges.

WISDOM, Circuit Judge:

This case is a vestige of the days when a loophole in the diversity jurisdiction statutes permitted nearly every Louisiana automobile accident plaintiff to take

a jaunt through the federal courts.[1] Mrs. Oliver Adolph brings this action individually and on behalf of her three minor children against the Birminghan Fire Insurance Company to recover for the death of her husband, who died as a result of an automobile accident December 19, 1961. The question is whether members of a Louisiana partnership are employees of their partnership for the purposes of a cross-employee exclusion clause in an insurance policy. We hold that they are not, and affirm the judgment of the district court.

Louis, Oliver, and Frank Adolph, Jr., of Boothville, Louisiana, were partners in Adolph Brothers, a partnership engaged in various business enterprises, including the operation of the Venice Theatre, Riverside Inn, citrus groves, and the cultivation of oysters. Each brother had a one-third interest in the partnership. Profits were split three ways. The partnership hired employees who received fixed wages, but there was no contract of employment between the partnership and any of the individual partners. No salary expense was charged to the partners. At the time of the accident in question, the partnership was in debt, and the partners were drawing only $250 per month. When there was insufficient income for each of the partners to draw $250, one partner would take less than $250 with the understanding that the deficiency would be made up in the future. The partnership carried liability and workmen's compensation insurance on all of its businesses.

Shortly before six in the morning, December 19, 1961, the three partners set out to pick up and deliver supplies to their oyster lugger at Venice, Louisiana. Louis Adolph was driving a pickup truck belonging to his father.[2] The partners had their father's permission to use the truck. As Louis made a left turn from Highway 23, a car which had overtaken the truck struck it, killing Oliver Adolph.

Mrs. Adolph based her action on two Birmingham policies, one issued to the partners' father covering anyone driving the truck with his permission, and the other, issued to Louis Adolph covering him when driving a substitute vehicle. Before trial, the district judge ruled as a matter of law that the father's policy covered the accident, but that Louis Adolph's did not.

The jury found that Louis Adolph's negligence proximately caused the accident and that the driver of the other car was not negligent. The jury awarded the widow $50,000 and each of the deceased's minor children $5,000. Both Birmingham and Mrs. Adolph appeal. Birmingham contends that the district judge erred in ruling that the father's policy applied, while Mrs. Adolph complains of his ruling that Louis's policy did not apply. Because of our disposition of Birmingham's appeal, we need not decide Mrs. Adolph's appeal.

---

1. The Louisiana direct action statute, LSA–R.S. § 22:655, allows a party injured in an accident in Louisiana to bring a direct action against the insurer alone, without joining the insured. Before the amendment of 28 U.S.C. § 1332(c), this statute opened the doors of the federal courts whenever the insurance company was incorporated and had its principal place of business in a state other than Louisiana. Plaintiffs found the federal courts particularly attractive because facts found by juries could not be reviewed on appeal as they could be by the state appellate courts.

Primarily to remedy the overburdening of the federal courts in Louisiana, Congress amended 28 U.S.C. § 1332(c) in 1964 by adding a proviso that:

> In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen * * *.

See 1964 U.S.Code, Congressional & Admin.News, pp. 2778–84.

2. The father had no interest in the partnership.

The pertinent provisions of the father's policy, the omnibus clause and the exclusion to it read:

[T]he unqualified word "insured" includes the named insured and * * * any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is * * * with the permission [of the named insured]. The insurance with respect to any person or organization other than the named insured * * * does not apply: * * * (2) to any employee with respect to injury to * * * or death of another employee of the same employer injured in the course of such employment in an accident arising out of the * * * use of the automobile in the business of such employer.

■ There is no question that the partners were using the truck with the permission of the named insured, that Oliver's death was in the course of partnership business, or that the truck was being used in partnership business. The only question is whether Louis Adolph and Oliver Adolph were employees of the same employer so as to fall within the exclusion. In this diversity case, we must decide the question according to Louisiana law.

■■ In Louisiana "a partnership is an abstract ideal being with legal relations separate and distinct from those of its individual members; * * *. 'It is a civil person which has its peculiar rights and attributes.'" Trappey v. Lumbermen's Mutual Casualty Co., 1956, 229 La. 632, 86 So.2d 515, 517. See also Quarles v. Albritton, La.Ct.App. 1 Cir. 1959, 116 So.2d 175; Modicut v. Rist, La.Ct.App. 3 Cir. 1957, 98 So.2d 268. The partnership, not the partners, owns its property. Trappey v. Lumbermen's Mutual Casualty Co., supra, 86 So.2d at 517.

■ This concept makes it possible for partners to be employees of their partnership. See Trappey v. Lumbermen's Mutual Casualty Co., supra; Little v. Caterpillar Tractor Co., La.Ct.App. 1 Cir. 1964, 169 So.2d 654, 659. But it does not dictate that partners *must* be employees. Carpenter v. New Amsterdam Casualty Co., La.Ct.App. 3 Cir. 1964, 159 So.2d 757, writ refused, 245 La. 797, 161 So.2d 276. As the court in *Carpenter* pointed out, relevant considerations, among others, are whether there was a contract of employment and whether the partner received wages or other specific compensation in addition to his partnership share of profits.[3] Here there was no contract of employment. None of the brothers received wages other than his partnership share. While there was an agreement that each would draw $250 per month "salary", the figure was dependent upon there being sufficient profits to pay that amount to each of the partners. No deductions for the salaries of partners are reflected in the partnership's records or its tax returns. We conclude that Louis and Oliver were not employees of their partnership.

■ Birmingham relies heavily on the *Trappey* case, in which the Louisiana Supreme Court held that a partner was an employee within the meaning of the state workmen's compensation statute. We hold that *Trappey* is not controlling. The court there placed special emphasis on the nature of the compensation statute, and the rule that it should be liberally construed.[4] In this case the public policy

---

3. *Carpenter* held that a contract of employment and the drawing of a salary in addition to the partner's share of profits was necessary to bring a partner within the workmen's compensation definition of "employee". Judge Tate dissented primarily on the ground that the compensation statute should be construed liberally.

4. We think * * * that " * * * the construction of the Workmen's Compensation Act that a member of a partnership, who works for the partnership, and while so engaged is injured, is not an employee within the meaning of the act, is an exceedingly narrow construction of the act, * * * *" and, we might add, directly contrary to the spirit of the compensation statute of this State as recognized by the jurisprudence to the effect that its provisions should be liberally construed in order to provide the full benevolent

cuts the other way. Louisiana, like most states, construes insurance exclusion clauses narrowly. See Pullen v. Employers' Liability Assurance Corp., 1956, 230 La. 867, 89 So.2d 373.

> Once coverage has been extended, * * * it should be withdrawn only when exclusion is established with certainty. And because comprehensive exclusion is violative of the purpose and intent of policy coverage, exclusion must necessarily be specific and not general. * * * The exclusion clause, as its name implies, sets forth the traits, characteristics and circumstances that mark an insured for exclusion. And the insured or insureds to be excluded must bear the marks and traits, or conform with the circumstances, described and particularized in the exclusion clause as the basis for exclusion. 89 So.2d at 377.

In Little v. Caterpillar Tractor Co., La.Ct.App. 1 Cir. 1964, 169 So.2d 654, upon which Birmingham relies, the court recognized that a partner "could be both employee and partner"[5] of a firm, but held that the rule of respondeat superior must be strictly construed and denied liability.

In view of the state's policy of strictly construing exclusion clauses, we conclude that the Supreme Court of Louisiana would distinguish *Trappey* and hold that the definition of an "employee" for the purposes of the favored workmen's compensation remedy is broader than the definition for the purposes of a disfavored exclusion clause. See Travelers Ins. Co. v. Brown, 5 Cir. 1964, 338 F.2d 229, 236–238. To establish that a partner is an employee of his partnership for the purposes of an exclusion clause, there must

be a clearer showing of an employee-employer relationship than was made here.

■ Birmingham insists that Mrs. Adolph is estopped from denying that her husband was an employee of the partnership because she filed an action under the partnership's workmen's compensation policy asserting that he was an employee. In light of our previous discussion of "employee", we hold that there is no merit to this contention.

■ Birmingham also argues that the jury's verdict fixing the negligence of Louis Adolph as the proximate cause of the accident and exonerating the driver of the other car was against the weight of the evidence. There are two theories of how the accident occurred: First, that Louis stopped in the right hand lane before making his left turn and was struck from the rear by the oncoming car; and second, that Louis turned left into the path of the oncoming car, which was then passing him. On the first theory, the inference would be that the driver of the other car was responsible for the accident; on the second, that it was Louis Adolph's fault. We have carefully examined the record. There was ample evidence to support the second theory of the accident.

■ Finally, Birmingham contends that the verdict was excessive. Federal courts do not have the latitude that Louisiana courts have to review the facts and modify jury verdicts. Hanover Fire Ins. Co. v. Sides, 5 Cir. 1963, 320 F.2d 437, 442–443; Atlantic Refining Co. v. Evans, 5 Cir. 1958, 251 F.2d 277; Greyhound Corp. v. Dewey, 5 Cir. 1957, 240 F.2d 899, 904.

The judgment of the district court is affirmed.

---

effect intended by the lawmaker. Trappey v. Lumbermen's Mutual Casualty Co., 86 So.2d at 517.

5. Little v. Caterpillar Tractor Co., La.Ct. App. 1 Cir., 1964, 169 So.2d at 659.