SARTAIN, Judge.
This is a personal injury action brought against the East Baton Rouge Parish School Board and its insurer for injuries sustained by plaintiff’s minor daughter. The accident giving rise to this litigation is alleged to have occurred while plaintiff’s daughter was preparing for the judging of science projects at Scotlandville Jr. High School. A fellow student struck a match and an open container of alcohol ignited, causing plaintiff’s daughter to sustain serious burns about her body.
Plaintiff alleged in his petition that the accident was caused solely by the negligence of the School Board in allowing students of such young age to handle flammable material without proper instruction or supervision and permitting the keeping of flammable material in glass containers.
Defendants filed an exception of no cause of action and asserted that the doctrine of error of professional judgment applied and no liability attached to the School Board because if there was any negligence it was on the part of the supervising teacher who enjoyed professional status. Defendants also contended that the only duty imposed upon the defendant School Board is contained in L.R.S. 17:81 which specifically sets forth the powers and duties of school boards and parish superintendents. Accordingly, defendants urge that plaintiff’s petition fails to state a cause of action because it is devoid of any allegation relative to an improper selection of the supervising teacher. In his written reasons for judgment the district judge declared:
“ * * * The issue then for the court to decide is: Is a School Board, as such, liable for the torts of the teacher.

After reading all the cases available on this issut (sic), the court is firmly convinced that the School Board, as such in its official capacity, is not charged with the supervision of the method and procedure in teaching that must be practiced by the teacher, himself or herself, and the Board is not liable for the teacher’s torts when a mistake in professional judgment is made.”
*612 For reasons hereinafter stated we hold that the trial judge committed an error in law in sustaining the exception upon the above grounds and we therefore reverse.
While plaintiff’s petition does not name the supervising teacher nor specifically state that it was the teacher who acted negligently which rendered the School Board liable under the doctrine of re-spondeat superior, these defects in pleading, if in fact they are, may be subject to further objections during the course of the trial on the merits. Nonetheless, it is clear from the decision of the trial judge, in briefs and during argument of counsel before us, that the question presented for determination then and now is whether or not the defendant School Board is vicariously liable for the alleged torts of one of its teachers. Defendants rightly submit that the issue posed here for resolution has never been presented to nor ruled upon by an appellate court of this state.
The doctrine of error of professional judgment relied upon by the defendants has involved cases wherein a hospital was sought to be held liable for the alleged negligent acts by either a doctor or a nurse. An examination of the authorities cited by defendants leaves us in considerable doubt as to whether or not such a doctrine is in fact adhered to in this jurisdiction. Our reason for this statement is that in each case we have reviewed there was one of several dominant factors involved. In one case, the nurse though technically an employee of the hospital was following the direct orders of the patient’s attending physician and was therefore considered an “employee” of the physician, thereby relieving the hospital of liability. Jordan v. Touro Infirmary, 123 So. 726 (Orl.La.App., 1922). In Messina v. Societe Francaise De Bienfaissance, 170 So. 801 (Orl.La.App., 1936) an externe, who administered medication under orders of the patient’s personal physician, was held to be an “employee” of the physician and not of the hospital. The concurring opinions, while recognizing that the externe was free from negligence, further expressed the opinion that the merits of the case could have been equally disposed of under the doctrine of error of professional judgment. In Cornell v. U. S. F. & G., La.App., 8 So.2d 364 (1942) our brethren of the Second Circuit expressed the opinion that a determination of the applicability of the subject doctrine was not essential to the result reached. In Cornell it was emphasized that the nurse in Jordan and the externe in Messina were acting under the orders of the operating surgeon or the attending physician respectively and not the hospital authorities.
More recently, in Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969) our Supreme Court held that the counting of sponges prior to and following an operation is not a service of a professional nature but merely administrative in character and the performance of such an act required neither special training nor the exercise of professional judgment. The judgment against the hospital was affirmed. In D’Antoni v. Sara Mayo Hospital, 144 So.2d 643 (4th La.App., 1962) the Court of Appeal rejected the argument that the nurse’s error was a mistake in professional judgment and held that the hospital attendants and nurses who, following the administration of oxygen to a patient, failed to raise the side rail of the patient’s bed, were negligent in not doing so in accordance with the doctor’s orders. Such negligence was considered the proximate cause of the injuries sustained and subjected the hospital to liability. In Stanley v. Schumpert, et al, 117 La. 255, 41 So. 565 (1906), Article 2320 of the Civil Code was found to be applicable and the hospital was held responsible for the negligent act of one of its nurses.
Thus we can see from the above cited authorities that the applicability of the doctrine of error of professional judgment while being obliquely recognized in Louisiana, the pivotal issue in each case related to a consideration of control of and authority over the person charged with negligence. If an employee of a hospital was acting *613 under the direct orders of a privately retained physician the hospital was relieved of responsibility, otherwise it was not.
No Louisiana case has been cited nor has our independent research produced any authority where the doctrine of error of professional judgment has been applied to a school teacher. Assuming arguendo, that the reasons for its application with respect to internes, externes, nurses and other professionals is the law of this jurisdiction, there has been no showing in the case at bar that the supervising teacher was possessed of such skills as would place her in a professional category. As a matter of fact, the name, training and particular qualifications of the supervising teacher in the case at bar do not appear in this record. For all that is known it may have been a student teacher, lay person or even an unsupervised activity. If for no other reason, the exception of no cause of action should fall because in considering such an exception all well pled facts are accepted as true and every reasonable hypothesis must be given to the pleadings to uphold the integrity of the petition and it is only when this is not possible that such an exception should be sustained. Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (3d La.App., 1965); Acadia-Vermilion Rice Irrigating Co. v. Broussard, 175 So.2d 856 (3d La.App., 1965); and, Vestal v. Vestal, 216 So.2d 386 (3d La.App., 1968).
The defendants further argument that the School Board has breached no duty owed to a student pretermits a consideration of the application of the doctrine of respondeat superior in cases of this kind.
Article 2317 of the Civil Code provides:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.”
C.C. Article 2320:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.”
In the case of Little v. Caterpillar Tractor Company, 169 So.2d 654 (1st La.App., 1964), we discussed at length the requirements for the applicability of the doctrine of respondeat superior and the elements essential to the imposition of vicarious liability.
While the doctrine of error of professional judgment has not been raised in cases involving actions against local school boards, our courts have on numerous occasions recognized the liability of a school board for the alleged negligence on the part of a teacher. Whitfield v. East Baton Rouge Parish School Board, La.App., 43 So.2d 47; Nash v. Rapides Parish School Board, La.App., 188 So.2d 508; and, Frank v. Orleans Parish School Board, La.App., 195 So.2d 451. It goes without saying that even when imposing liability under Article 2320 there must be proof of a causal relation between the lack of supervision and the cause of the accident.
Accordingly, the judgment of the district court sustaining defendants’ peremptory exception of no cause of action is reversed and set aside and this cause is remanded for a trial on the merits. The cost of this appeal is to be borne by the defendants. All other costs are to await a final determination on the merits.
Reversed and remanded.