305 So.2d 671 (1974)
Abner Joseph MOREAU et al.
v.
Joseph LANDRY et al.
No. 9901.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
*672 Eric B. Settoon, Jr., New Roads, for appellant.
Samuel C. Cashio, Maringouin, for Pointe Coupee Parish School Board.
John Wayne Jewell, New Roads, for Joseph Landry.
Donald T. W. Phelps, Baton Rouge, for Phillip Daigrepont.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
This suit was instituted by Abner Joseph Moreau appearing in his capacity as administrator of the estate of his minor child, Sheila Marie Moreau. Also appearing as plaintiff are Abner Joseph Moreau, individually, and his wife, Helen Bordelon Moreau. This suit arises out of an incident in which the Moreau child was allegedly injured through the negligence of one Louis Landry, a minor, while attending Innis High School, Pointe Coupee Parish, Louisiana. Named as defendants are Joseph Landry, father of Louis Landry, Phillip Daigrepont, Principal of Innis High School and Pointe Coupee Parish School Board.
Pointe Coupee Parish School Board filed an exception of no cause of action which was sustained by the trial court on January 23, 1974; however, a judgment in this matter was not entered until June 26, 1974. The judgment of the lower court dismissed the plaintiffs' case as to Pointe Coupee Parish School Board. From this judgment plaintiffs have perfected a timely appeal.
Plaintiffs maintain that the trial court erred in dismissing their suit as to Pointe Coupee Parish School Board without first giving plaintiffs an opportunity to amend the petition to state a cause of action as is required by LSA-C.C.P. Art. 934. We find merit in appellants' contention and reverse the judgment of the trial court and remand this case for further proceedings.
In essence, plaintiffs allege that Sheila Marie Moreau was injured through the negligence of one Louis Landry. The petitioners also state that Daigrepont, school principal, was negligent and that this negligence was the cause of plaintiffs' injury. The sufficiency of the allegations as to Daigrepont are not here before us; however, we note in passing, that these allegations are couched in such vague terms that we, as did the trial court, question whether or not the allegations are sufficient to state a cause of action.
As to the Pointe Coupee Parish School Board, petitioners "plead the doctrine of respondent superior". True, our courts have on numerous occasions recognized the liability of the school board for the alleged negligence of its employees, Station v. Travelers Insurance Company, 236 So.2d 610 (La.App. 1st Cir. 1970); Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3rd Cir. 1966); however, to recover under the doctrine of respondent superior the essential elements indispensable to its application must be alleged in order to state a cause of action. Little v. Caterpillar Tractor Company, 169 So.2d 654 (La.App. 1st Cir. 1964). Thus, in order to state a cause of action under the doctrine of respondent superior, the petitioner must allege the existence of an employer-employee relationship, that there was negligence on the part of the employee and that the tortious acts of the employee were committed in the course and scope of the employment. Little v. Caterpillar Tractor Company, supra; LSA-Civil Code Article 2320. The appropriate language is absent from the petition and we find that the allegations are insufficient to state a cause of action against the school board.
LSA-C.C.P. Art. 934 provides that when the grounds of objection pleaded by a peremptory *673 exception may be cured by amendment, the judgment sustaining the exception shall order such an amendment within a delay to be fixed by the court.
In commenting upon Article 934, above, the Supreme Court, in Hayes v. Muller, 248 La. 934, 183 So.2d 310 (1966) made the following pertinent observations:
"It is seen that the foregoing article is merely declaratory of the appropriate action to be taken by the district court in disposing of cases on peremptory exceptions. In cases where the peremptory exception is sustained by reason of insufficiency of allegations, the judge should permit an amendment to the petition whenever possible. Conversely, if the objection to the petition . . . cannot be removed, the judge is obliged. . . to dismiss the action."
We believe that the grounds of objection tendered by Pointe Coupee Parish School Board as to the insufficiency of allegations could have been removed by an amendment of appellants' petition and, consequently, appellants should have been granted a delay in which to amend their petition to state a cause of action. We also find that petitioners' allegations as to the individual negligence of Pointe Coupee Parish School Board were equally defective, however, having found as we have above it is not necessary for us to discuss these specific allegations.
Accordingly, it is ordered, adjudged and decreed that the judgment of the trial court dismissing plaintiffs' petition as to Pointe Coupee Parish School Board on an exception of no cause of action, be and the same is hereby reversed and set aside and remanded to the trial court.
It is further ordered, adjudged and decreed that the petitioners be granted twenty (20) days from the effective date of this remand to the trial court in which to amend their petition, whereupon this matter shall proceed in the trial court; and in the event of appellants' failure to amend within the time stipulated, the appellants' action shall ipso facto be dismissed with prejudice as to Pointe Coupee Parish School Board; all costs of this appeal are to be paid by appellants-petitioners.
Reversed and remanded.