YELVERTOÑ, Judge.
This appeal is from summary judgments in favor of all defendants in a worker’s compensation case. Appellant contends that there are unresolved issues of material fact and that summary judgments were improperly granted. Our review of the record causes us to conclude that the trial court was correct in granting summary judgments, and we affirm.
James R. Brazzell died of a heart attack while working on September 3, 1980. His wife, Shirley Brazzell, sued for survivor’s benefits under the worker’s compensation laws on behalf of herself and a minor child. The suit named three defendants: (1) J.C. Parker, (2) B & S Systems, a partnership composed of J.C. Parker and James Brazzell (the deceased), and (3) American Insurance Company, a compensation insurer. The suit alleged that the deceased was an employee of one or the other of the first two defendants and that the third defendant was the compensation insurer of both.
The motions for summary judgment were based on the pleadings, a number of depositions, written answers to interrogatories, and exhibits.
The trial court concluded that Brazzell was not an employee of either J.C. Parker individually or B & S Systems, the partnership. The district court concluded that these facts were established as undisputed by the depositions and interrogatories. The court found that under the terms of the partnership agreement between Parker and Brazzell, the latter’s remuneration for his labor was expressed solely in terms of his 50% share of the profits. For these reasons the court concluded that Brazzell Was not covered by worker’s compensation and it granted summary judgment in favor of defendants dismissing plaintiff’s suit. The trial court relied on Trappey v. Lumbermen’s Mutual Casualty Company, 229 La. 632, 86 So.2d 515 (La.1956) and Carpenter v. New Amsterdam Casualty Company, 159 So.2d 757 (La.App. 3rd Cir.1964).
We agree with the trial court as to the applicable law. The rule is that for a partner to be entitled to worker’s compensation benefits from the partnership, he must show that he had an employment relationship with the partnership independent of his status as a partner. In Trappey, supra, plaintiff was a partner in Trappey Beverage Company and received a share of the profits of the partnership. In addition, however, he was the general manager and received wages like all other employees of the partnership. The Supreme Court concluded that he was entitled to recover worker’s compensation benefits on the basis of the salary or wages he received in addition to a share of the partnership profits.
In the subsequent case of Carpenter, supra, this Circuit concluded that the plaintiff, a partner in a partnership, was not entitled to recover benefits from the partnership because his sole remuneration was his share of the profits.
We also agree with the trial court that there are no genuine issues of fact and that defendants are entitled to judgment as a matter of law. The evidence excludes any real doubt that at the time of his death Brazzell was engaged in the performance of work solely as a partner with J.C. Parker in the business known as B & S Systems. The partnership was performing a contract to restore the roof on a metal building belonging to E.E. McClain in Concordia Parish. The deceased’s interest in the proceeds of the contract was limited to his one-half share of the profits. He received no wages or other benefits that could be regarded as wages, and was in no manner an employee of either J.C. Parker or the partnership.
Parker’s answers to interrogatories as well as his testimony by deposition indicated that the job performed by him and deceased for McClain was a joint undertaking in which both of them performed certain work. Neither of them drew a salary nor any type of wages and their remuneration was to be a split of the profits at the conclusion of the job once the salary of *781 their employees, material and other expenses had been paid.
Althea Hardie testified similarly. She lived with deceased for the six years before his death. She stated that deceased and Parker were in partnership together and that after all expenses were paid on a job they would split the profit. She said that while deceased would sometimes get money from Parker before the job was over, that would come off deceased’s half of the profit.
Mindful of the strict standard of proof defendants are required to meet to affirm summary judgments, Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981), we have carefully examined the testimony relied on by appellant that the deceased drew on partnership funds during the performance of one job (not involved here) and the argued inference that this was a practice suggesting the deceased received some remuneration in addition to his share of the profits. Our examination of this testimony, which is found in the deposition of J.C. Parker, causes us to conclude that the most that can be said for it is that the deceased may have on that earlier job made an unauthorized withdrawal against anticipated profits. He was paid no sum in addition to profits.
No response, in the form of countervailing affidavits or as otherwise provided by law, was made by plaintiff to the motions for summary judgment. La.C.C.P. art. 966, provides for motions for summary judgment, and the article which follows, 967, states in part:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

There is no genuine issue for trial. Summary judgments were appropriately rendered. They are affirmed at appellant’s costs.
AFFIRMED.